[No. 7,727.—In Bank.]
July 24, 1882.

## GRANT P. CUDDEBACK v. JOSEPH DETROY.

MORTGAGE—CONSTRUCTION OF RELEASE.—On the twenty-fourth of November, 1878, plaintiff made an agreement with J. Detroy and G. P. Detroy for the sale to them of a band of cattle (some one thousand five hundred head) and some horses, for the sum of seventeen thousand dollars; for which sum be received their six promissory notes, each for two thousand

eight hundred and thirty-three dollars and thirty-three cents and interest, payable respectively in three, nine, fifteen, twenty-one, twenty-seven and thirty-three months. As security plaintiff was to retain possession of the property, and deliver the same in parcels or lots as the notes should be paid. On the same day, and as further security for the payment of the notes, said J. and G. P. Detroy executed to plaintiff a mortgage of certain real estate. After payment of the first and second notes and on the twelfth of February, 1875, plaintiff executed to J. and G. P. Detroy an instrument in writing, reciting the execution of the mortgage, and declaring that "whereas it was the true intention of the parties to said indenture that the said mortgage was executed for the security of only six thousand dollars, of said amount, the said mortgagee having received other security from the said mortgagors for the balance of said seventeen thousand dollars, now, therefore, the party of the first part hereby certifies and declares that he has a lien under and by virtue of said mortgage on the land therein described to the extent and for the amount of six thousand dollars and no further, and for no greater amount; and that the party of the first part does hereby release the said land from the lien of said mortgage for all of said seventeen thousand dollars over and above the amount of six thousand dollars, with interest thereon from November 24, 1873, at the rate of ten per cent per annum." After the execution of this instrument, the third and fourth notes were paid, and all of the personal property delivered. This action was brought on the fifth and sixth notes and for the foreclosure of the mortgage.

*Held:* The mortgage and the agreement on release of February 12, 1875, considered together show that the plaintiff had and retained a lien upon the real estate by the mortgage to the extent of six thousand dollars, and interest, and until all the notes should be paid in full that lien remained.

APPEAL by the plaintiff for a judgment for the plaintiff and and an order denying a new trial in the Superior Court of Ventura County. HINES, J.

The following are the material parts of the mortgage referred to in the opinion:

"This Indenture, made the twenty-fourth day of November, in the year of our Lord one thousand eight hundred and seventy-three, between J. Detroy and G. P. Detroy * * * party of the first part; and Grant P. Cuddeback, * * * the party of the second part, witnesseth: That the said party of the first part, for and in consideration of the sum of seventeen thousand dollars, gold coin of the United States, to them in hand paid, do grant, bargain, sell, convey, and confirm unto the said party of the second part, and to his heirs and assigns forever, the following described real property, lying and being in the County of Ventura, State of California. [Here follows de-

CAL. REPS. LXI—6

scription of the land.] This conveyance is intended as a mortgage to secure payment of six promissory notes which are severally in the words and figures following to wit: [Here follow the notes referred to set out at length.] And these presents shall be void if any such payments be made according to the tenor and effect thereof. But in case default be made in the payments of the principal or interest, as in said notes provided, then the said party of the second part, his executors, administrators or assigns, are hereby empowered to sell the said premises, with all and every of the appurtenances, or any part thereof, in the manner provided by law, and out of the money arising from such sale to retain the said principal and interest on all of said notes or either of them, together with the costs and charges of making such sale, including five per cent. attorneys' fees for foreclosure; and the surplus, if any there be, shall be paid by the party making such sale on demand to the said parties of the first part, their heirs or assigns. "In witness whereof," etc.

*Sheppard & Hall,* and *Glassell & Smith,* for Appellants.

Comparing the release with the mortgage, it is manifest that each and every one of the notes was secured by the mortgage, with the limitation that the security could be enforced only to the aggregate amount of six thousand dollars; and to this extent it might be enforced by the plaintiff with reference to any of the notes he might select. The mortgage expressly states that it is intended to secure the payment of all the six promissory notes set out, and provides as follows:

"These presents shall be void if such payments (referring to all the notes) be made according to the tenor and effect thereof. But in case default be made in the payments of principal or interest, as in said notes provided, then the said party of the second part, his executors, etc., are hereby empowered to sell the said premises, etc., and out of the money accruing from such sale to retain the principal and interest on all of said notes or either of them," etc.

This construction is required not only to give effect to the evident intent of the parties; but also by the rule that contracts are to be construed "so as to give effect to every part, if reasonably practicable." (C. C. Sec. 16, 41, 42.) According

to our construction the whole mortgage stands unaltered in any of its terms, except by a proviso that it shall be enforced to the extent of six thousand dollars only. According to the construction of the Court below, the mortgage must be altered by striking out the last three notes and inserting a proviso that the third note is secured only as to the three hundred and thirty-three dollars and thirty-three cents first due thereon,—a construction, not only absurd in itself, but (as we have shown) in conflict with the express statement in the release, that the mortgagee has a lien for six thousand dollars.

*Williams* and *Williams*, for Respondent.

Our position is that the release explains the meaning and intention of the mortgage and is independent of it. The controlling and leading idea throughout between the parties was that the mortgage was only intended to secure the gross sum of six thousand dollars of the gross sum of seventeen thousand dollars. The sum of no two of the amounts would amount to six thousand dollars; therefore the release could not be drawn so as to mention the amount of six thousand dollars by reference to the notes, and the full sum of six thousand dollars not having been paid at the date of the release, a satisfaction of the mortgage could not have been asked or made to Detroys, they at that time being indebted to plaintiff, appellant, three hundred and thirty-three dollars and thirty-three cents of the gross sum of six thousand dollars.

The words, "Now therefore," in the release, clearly relates to the preceding portions thereof; where it is expressly stated that "it was the true intention and understanding of the parties to said indenture that the said mortgage was executed for the security of only six thousand dollars of said amount, the said mortgagee having received other security from said mortgagors for the balance of said seventeen thousand dollars." If there is any uncertainty in the terms of the release, then it must be construed most strongly against the party who caused the uncertainty to exist; and in this case the appellant, being the promisor, is presumed to be such party. (Civil Code, Sec. 1654.)

*Sheppard, Granger & Hall,* and *Glassell & Smith,* in reply.

We submit that under a well settled principle of law, the original mortgage, the notes, and the release, should be construed together (C. C. § 1642), and in such a manner as to give effect to every part if reasonably practicable (Id. § 1641); but if we assume, for the sake of the argument, the hypothesis of the respondent's attorneys, as above stated, the same practical result must follow, for the following reasons:

1. A mortgage or any other contract to secure an undefined part of a larger sum must be construed as an agreement to secure the whole sum with a limitation of the liability to the smaller sum stated. Such a contract would be in effect similar to the contract of a partial security under the provisions of the Code. (C. C. P. § 942; *Fassett* v. *Smith,* 23 N. Y. 258; 1 Hilliard on Mort. 313; *Wilson* v. *Russell,* 13 Md. 494.)

2. If this is not the meaning of such a contract, it could have no definite meaning at all and would be void for uncertainty. For there would be no possible means of determining what specific part of the larger sum was referred to.

3. Without determining the particular part of the seventeen thousand dollars secured, it is clear that the payments made—in the absence of a special application by the debtor or creditor—must be applied to the payment of the part unsecured. (1 Jones on Mort. § 348; 1 Hilliard on Mort. 501, 291; *Chester* v. *Wheelwright,* 15 Conn. 562; C. C. Sec. 1479.)

MYRICK, J.:

On the twenty-fourth of November, 1875, plaintiff made an agreement with J. Detroy and G. P. Detroy for the sale to them of a band of cattle (some one thousand five hundred head) and some horses, for the sum of seventeen thousand dollars, for which sum he received their six promissory notes, each for two thousand eight hundred dollars and thirty-three cents and interest, payable respectively in three, nine, fifteen twenty-one, twenty-seven and thirty-three months. As security, plaintiff was to retain possession of the property, and deliver the same in parcels or lots as the notes should be paid. On the same day, and as further security for the payment of said notes, said J. and G. P. Detroy executed to plaintiff a mortgage of certain real estate. After payment of

the first and second notes, and on the twelfth day of February, 1875, plaintiff executed to J. and G. P. Detroy an instrument in writing, reciting, the executing of the mortgage, and declaring that " whereas it was the true intention of the parties to said indenture that the said mortgage was executed for the security of only six thousand dollars of said amount, the said mortgagee having received other security from the said mortgagors for the balance of said seventeen thousand dollars, now therefore the party of the first part hereby certifies and declares that he has a lien under and by virtue of said mortgage on the land therein described to the extent and for the amount of six thousand dollars and no further, and for no greater amount ; and that the party of the first part does hereby release the said land from the lien of said mortgage for all said seventeen thousand dollars over and above the amount of six thousand dollars, with interest thereon from November 24, 1873, at the rate of ten per cent. per annum."

After the execution of this instrument and before the commencement of this suit the third and fourth notes were paid and all of the personal property had been delivered. This action is brought on the fifth and sixth notes and for the foreclosure of the mortgage. G. P. Detroy had died, and the defendant, K. Detroy, had been appointed administratrix.

The Court below rendered judgment against J. Detroy for the amount of the two notes and interest, but adjudged and decreed that the mortgage was fully paid, and is not a subsisting lien, and that the defendant, K. Detroy, administratrix, go without day. The plaintiff's motion for a new trial was denied, and he appealed from the order and from all of the judgment except so much of it as was a judgment against J. Detroy.

We think the Court below committed error. The mortgage and the agreement or release of February 12, 1875, considered together, show that the plaintiff had and retained a lien upon the real estate by the mortgage to the extent of six thousand dollars and interest, and until all the notes should be paid in full that lien remained. The judgment and decree should have been in favor of plaintiff for the amount of the notes sued on and foreclosing the mortgage as to the defendants and the estate of G. P. Detroy, deceased.

The order and so much of the judgment as is appealed from are reversed and the cause is remanded for a new trial.

Ross, McKinstry, Sharpstein, and Thornton, JJ., concurred.

McKee, J., dissenting:

I dissent. The defendants were indebted to the plaintiff in the sum of seventeen thousand dollars for a band of cattle, consisting of fifteen hundred head and their increase, which had been purchased from the plaintiff. This debt the defendants promised to pay in installments, and for the purpose of securing payment, they (1) pledged the cattle themselves— the plaintiff agreeing to keep possession of them at the cost and expense of the buyers, * * * * and to deliver them in lots to be selected by the buyers from time to time as they paid their installments, each lot to be rated at twenty-five dollars per head, so that the cattle as delivered should correspond in value with each payment made; (2) executed and delivered six promissory notes, each dated November 24, 1873, payable to the plaintiff in the sum of two thousand eight hundred and thirty-three dollars and thirty-three cents, the first payable in three, the second in nine, the third in fifteen, the fourth in twenty-one, the fifth in twenty-seven, and the sixth in thirty-three months after date, bearing interest at the rate of ten per cent. per annum; and (3) executed and delivered a mortgage on certain real estate to secure payment of the promissory notes. The mortgage was acknowledged and recorded on the day of its date.

Subsequently, on February 12, 1875, the plaintiff executed and delivered to the defendants, and had recorded, the following instrument in writing, viz:

"This indenture, made on the twelfth day of February, 1875, between Grant P. Cuddeback, late of the County of Kern, State of California, party of the first part, and J. Detroy and G. P. Detroy, of the County of Ventura, State of California, parties of the second part, witnesseth:

"Whereas, the parties of the second part hereto did, on the twenty-fourth day of November, 1873, execute and deliver to the party of the first part hereto a certain indenture of mort-

gage bearing date on that day and recorded on the same day in Book 1 of Mortgages, pages 217, 218, 219, 220, 221, and 222, Records of Ventura County, State aforesaid, whereby said mortgagors did mortgage to the said mortgagee certain lands in said mortgage described, for the expressed consideration of seventeen thousand dollars, for the expressed purpose of securing notes in said mortgage set forth to that amount; and whereas, it was the true intention and understanding of the parties to said indenture that the said mortgage was executed for the security of only six thousand dollars of said amount the said mortgagee having received other security from the said mortgagors for the balance of said seventeen thousand dollars:

"Now therefore, the party of the first part hereby certifies and declares that he has a lien under and by virtue of said mortgage on the land therein described, to the extent and for the amount of six thousand dollars, United States gold coin, and no further, and for no greater amount; and the party of the first part does hereby release the said land from the lien of said mortgage for all of said seventeen thousand dollars, over and above the amount of six thousand dollars, with interest thereon from November 24, 1873, at the rate of ten per cent. per annum.

"Witness my hand and seal, the day and year first above written.                    J. P. CUDDEBACK."

Before the execution of this instrument defendants had paid the first and second of the promissory notes. After its execution they paid the third and fourth; and the action out of which this case arises was brought to recover upon the last two of the notes and to obtain a foreclosure of the mortgage for their satisfaction.

But the mortgage was not given as security for the payment of the notes or any of them. Both the mortgagee and mortgagors emphatically declare that their true intention and understanding in the execution of the mortgage was to secure payment of the sum of six thousand dollars, with interest from November 24, 1873; and the mortgagee himself, on February 12, 1875, claimed to have a lien on the mortgaged premises only "to the extent and for the sum of six thousand dollars, and interest, and no further and for no greater

amount;" because other securities had been received by him from the mortgagors for the balance of seventeen thousand dollars. It is, therefore, too clear to admit of doubt that the mortgage was not given to secure payment of the promissory notes in suit. It was not an incident to either of them, and it was not foreclosable in an action upon them; it was foreclosable only for the debt whose payment it was given to secure.

But the Court below found that the defendants had paid over eleven thousand three hundred and thirty-three dollars and interest thereon of the original seventeen thousand dollars indebtedness. That finding, standing as it does, unchallenged, shows that the act to which the mortgage lien was accessory, had been performed, and that the lien was extinguished. There is, therefore, no error in the judgment, and it should be affirmed.